UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

ALFREDO MORALES,

Plaintiff,

vs.                                        Case No.:

ENHANCED RECOVERY COMPANY, LLC.,

Defendant.

_____/

# COMPLAINT

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA").

3. This action arises out of Defendant's violations of the FDCPA, and by this Defendant and its agents' illegal efforts to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the Plaintiff resides here, Defendant transacts business here acts, and transactions occurred here.

## PARTIES

5. Plaintiff, Alfredo Morales, is a natural person who resides in the City of Miami, County of Miami-Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3).

6. Defendant, Enhanced Recovery Company, LLC., is a collection agency operating from an address of 8014 Bayberry Road, Jacksonville, Florida 32256.  Defendant, Enhanced Recovery Company, LLC., is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

7. Defendant, Enhanced Recovery Company, LLC., regularly uses the mail and telephone in its business.  The principal purpose of Defendant's Enhanced Recovery Company, LLC., business is the collection of debts.

8. Defendant, Enhanced Recovery Company, LLC., regularly collects or attempts to collect debts for other parties.

9. Defendant, Enhanced Recovery Company, LLC., is a "debt collector" as defined in the Fair Debt Collection Practices Act.

10. Defendant, Enhanced Recovery Company, LLC., was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5).

12. Sometime thereafter, the debt was consigned, placed, or otherwise transferred to Defendant for collection from this Plaintiff.

13. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

14.	After the initial correspondence with Plaintiff, Defendant, Enhanced Recovery Company, LLC., failed to send a letter to Plaintiff notifying him of his rights and privileges under the law.

15.	Defendant, Enhanced Recovery Company, LLC., has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to ascertain whether or not he owes the alleged debt and whether the alleged debt was correctly calculated.

### COLLECTION CALLS

16.	On or about September 2012, and October 2012, Defendant, Enhanced Recovery Company, LLC., contacted Plaintiff by telephone in continuous efforts to collect this debt, which was a "communication" in an attempted to collect a debt as that term is defined by 15 U.S.C. § 1692(a)(2).

17.	During at least one of Defendant's Enhanced Recovery Company, LLC attempts to collect a debt from Plaintiff, Defendant, Enhanced Recovery Company, LLC., left voicemail messages on Plaintiff's answering machine identifying themselves as a debt collector.

18.	Defendant, Enhanced Recovery Company, LLC., repeatedly attempted to collect this debt with intent to harass Plaintiff.

### SUMMARY

19.	Defendant Enhanced Recovery Company, LLC., and its collection employees made all the above-described collection communications to the Plaintiff, in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(d)(6), and 1692(e)(11).

20. During said collection communications, Defendant Enhanced Recovery Company, LLC., failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692(d)(6), and 1692(e)(11), amongst others.

21. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

## TRIAL BY JURY

22. Plaintiff hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7. Fed.R.Civ.P.38.

## CAUSES OF ACTION

## COUNT 1

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

23. Plaintiff incorporates by reference all of the above paragraphs 1-22 of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of the Defendant, Enhanced Recovery Company, LLC., and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

25. As a result of the Defendant's Enhanced Recovery Company, LLC., violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

COUNT 2

VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692(d)

26. Plaintiff incorporates by reference all of the above paragraphs 1-22 of this Complaint as though fully stated herein.

27. Defendant violated 15 U.S.C. § 1692(d) by placing telephone calls to ring excessively.

28. Defendant's conduct of harrasing Plaintiff in an effort to collect debt is in violation of multiple provisions of FDCPA, including but not limited to, 15 U.S.C. § 1692(d).

COUNT 3

VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692(g)

29. Plaintiff incorporates by reference all of the above paragraphs 1-22 of this Complaint as though fully stated herein.

30. Defendant violated § 1692g of the FDCPA by failing to send written notification within five (5) days after its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the debt.

31. Defendant acted in an otherwise deceptive, unfair, and unconscionable manner and failed to comply with the FDCPA.

COUNT 4

VIOLATION OF THE FCCPA §559.715

32. Plaintiff incorporates by reference all of the above paragraphs 1-22 of this Complaint as though fully stated herein.

33. This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such

5

assignment within 30 days after the assignment.  The Defendant did not provide said notice to Plaintiff. The assignee is a real party in interest and may bring an action in a court of competent jurisdiction to collect a debt that has been assigned to such assignee and is in default.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)	Damages; and

B)	Attorney's fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated:  November 21, 2012

Respectfully submitted,

/s Monica Amor_____
LAW OFFICES OF MONICA AMOR, P.A.
Monica Amor, Esq.
E-mail: mamor@amorlaw.com
Florida Bar No: 0118664
6355 N.W. 36st Street, Suite 406
Virginia Gardens, Florida 33166
Telephone: (305) 526-8686
Facsimile:  (305) 526-1175
Attorney for Plaintiff